UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HARRY CONSTABLE,<br><br>           Plaintiff,<br><br>     v.<br><br>KATHLEEN ALLISON, et al.,<br><br>           Defendants. | Case No.: 1:25-cv-00591-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 10) |

Plaintiff Edward Harry Constable is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     INTRODUCTION**

Plaintiff filed his original complaint on May 20, 2025. (Doc. 1.) The Court issued its First Informational Order in Prisoner/Civil Detainee Civil Rights Case on May 22, 2025. (Doc. 3.)

On June 13, 2025, Plaintiff filed a first amended complaint (Doc. 8) and on August 1, 2025, the Clerk of the Court lodged a second amended complaint (Doc. 9).

On August 4, 2025, Plaintiff filed a document directed to Keith Holland, Clerk of the Court, that was docketed as a motion to appoint counsel and notice. (Doc. 10.)

//

//

//

## II. DISCUSSION

### *Legal Standards Concerning the Appointment of Counsel*

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

### *Analysis*

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, Plaintiff's complaint has not yet been screened. Moreover, at screening the Court determines whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested at screening because the Court is required to consider factual allegations to be true for purposes of screening. At this stage of the proceedings, a likelihood of success on the merits cannot be determined. *See, e.g.*, *Porter v. Rivas*, No. 1:23-cv-00105- ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening").

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se considering the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. A brief review of Plaintiff's original and first amended complaints reveals he asserts Eighth Amendment excessive force claims against the name defendants. (*See* Doc. 1 at 5 & Doc. 8 at 3.) Such claims are not complex. *See Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Andre-Gollihar v. County of San Joaquin*, No. 2:09-cv-03313 MCE KJN PS, 2010 WL 2925358, at *2 (E.D. Cal. July 26, 2010) ("plaintiff's claims of excessive force and wrongful death are not complex"); *Crawford v. Hughes*, No. 13-CV-6638-FPG, 2017 WL 130273, at *3 (W.D.N.Y. Jan. 13, 2017) ("the issues in this case—namely, the alleged use of excessive force, discrimination, and denial of due process at a disciplinary hearing—are not complex"); *Arroy v. Jeffries*, No. 23-1129, 2023 WL 3010154, at *4 (C.D. Ill. Apr. 19, 2023) (denying motion for appointment of counsel and finding "Plaintiff's failure to protect claim is not complex").

Plaintiff is advised that incarceration is not an exceptional circumstance warranting the appointment of counsel. *See Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on litigation do not constitute an exceptional circumstance. [] If Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to counsel"). Nor are a lack of legal knowledge and limited law library access exceptional circumstances; rather, they are circumstances common to nearly all pro se prisoner litigants. *See, e.g.*, *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most prisoners, such as a lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel"); *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (same); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of

3

counsel"); *Galvan v. Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel").

Moreover, the fact an attorney would be better prepared to litigate and try this action, does not amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"). There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the appointment of counsel. Thus, Plaintiff's motion will be denied.

### *Other Matters*

The Court encourages Plaintiff to review the First Informational Order issued on May 22, 2025. (*See* Doc. 3.) That Order provides that "[l]etters to the Court or a judge may be stricken/returned." (*Id*. at 2.) Plaintiff should refrain from directing correspondence to the Clerk of the Court; his letter or notice directed to Clerk of the Court Keith Holland concerns matters

4

that are premature and outside the scope of the Clerk's purview. (*See*, *e.g.*, Doc. 10 at 1 ["I wish to appear in court in person to pick a jury"]) & 1-3 [arguing the merits of the claims].)

The First Informational Order also advises Plaintiff that the Court is required to screen complaints pursuant to 28 U.S.C. section 1915A(a). (Doc. 3 at 3.) As noted, this Court "has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable." (*Id.*) Plaintiff's first amended complaint will be screened in due course.

To the extent Plaintiff intended for document lodged with the Court on August 1, 2025 (Doc. 9) to be a second amended complaint, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. A review of the August 1, 2025, submission reveals it to be more in the nature of a letter, rather than a complaint. For example, it does not include a caption and fails to identify the defendants named in the action. In sum, the submission is not an amended complaint "complete in itself." *Lacey*, 693 F.3d at 927.

If Plaintiff elects to file a second amended complaint that is "complete in itself without reference to the prior" complaint, he should use the Court's civil rights complaint form to ensure compliance with the Federal Rules of Civil Procedure. To be clear, screening of any submitted complaint is required before the action proceeds to service of process and litigation commences.

### III. CONCLUSION AND ORDER

Accordingly, this Court **HEREBY ORDERS** that:

1. Plaintiff's motion for the appointment of counsel (Doc. 10) is **DENIED**;
2. Plaintiff's operative complaint will be screened in due course; and
3. The Clerk of the Court is directed to send Plaintiff an amended civil rights complaint form as a one-time courtesy.

IT IS SO ORDERED.

Dated:  **August 8, 2025**            /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE