UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HARRY CONSTABLE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | Case No.: 1:25-cv-00591-SKO<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**21-DAY DEADLINE** |

Plaintiff Edward Harry Constable is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.   BACKGROUND

Plaintiff initiated this action by filing a complaint on May 20, 2025. (Doc. 1.)

On June 13, 2025, Plaintiff filed a first amended complaint. (Doc. 8.)  On August 1, 2025, a document submitted by Plaintiff was lodged with the Court as a second amended complaint. (Doc. 9.)

On August 4, 2025, Plaintiff filed correspondence docketed as a motion to appoint counsel and notice. (Doc. 10.) The Court issued its Order Denying Plaintiff's Motion to Appoint Counsel on August 8, 2025. (Doc. 11.) The Court also advised Plaintiff that the document lodged August 1, 2025, was "not an amended complaint 'complete in itself,'" that an amended complaint must

be "'complete in itself without reference to the prior' complaint," that Plaintiff should use the civil rights complaint form, and that any submitted complaint was subject to screening. (*Id*. at 5.)

On January 14, 2026, the Court issued its First Screening Order based on the operative first amended complaint. (Doc. 13.) Specifically, the Court found that it violated Rule 8 of the Federal Rules of Civil Procedure (*id*. at 6-7), failed to link any defendant to a constitutional violation (*id*. at 7), named entities entitled to immunity (*id*. at 8-9) and asserted improper claims (*id*. at 10-11). Plaintiff was also provided with legal standards applicable to his potential claims. (*Id*. at 12-13.) Because Plaintiff's first amended complaint failed to state a claim upon which relief could be granted, he was given leave to file a second amended complaint within 21 days, curing the deficiencies identified in the screening order. (*Id*. at 14-15.)

More than 21 days have passed, but Plaintiff has failed to file a second amended complaint.

**II.    DISCUSSION**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to obey the Court's screening order directing him to file a second amended complaint within 21 days. Nor has Plaintiff sought an extension of time within which to do so.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order of January 14, 2026. Alternatively, within that same time, Plaintiff may file a second amended complaint, curing the deficiencies identified in the First Screening Order.

**WARNING: Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **February 12, 2026**            /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

3