UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HARRY CONSTABLE,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendants. | Case No.: 1:25-cv-00591-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 14)<br><br>**ORDER DIRECTING CLERK OF THE COURT TO SERVE PLAINTIFF WITH A COPY OF THE FIRST SCREENING ORDER**<br><br>**ORDER GRANTING EXTENSION OF TIME WITHIN WHICH TO FILE A SECOND AMENDED COMPLAINT** |

Plaintiff Edward Harry Constable is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff initiated this action by filing a complaint on May 20, 2025. (Doc. 1.) On June 13, 2025, Plaintiff filed a first amended complaint. (Doc. 8.)

On August 1, 2025, a document submitted by Plaintiff was lodged with the Court as a second amended complaint. (Doc. 9.)

On August 4, 2025, Plaintiff filed correspondence docketed as a motion to appoint counsel

and notice. (Doc. 10.) The Court issued its Order Denying Plaintiff's Motion to Appoint Counsel on August 8, 2025. (Doc. 11.) The Court also advised Plaintiff that the document lodged August 1, 2025, was "not an amended complaint 'complete in itself,'" that an amended complaint must be "'complete in itself without reference to the prior' complaint," that Plaintiff should use the civil rights complaint form, and that any submitted complaint was subject to screening. (*Id*. at 5.)

On January 14, 2026, the Court issued its First Screening Order based on the operative first amended complaint. (Doc. 13.) The Court found the operative complaint violated Rule 8 of the Federal Rules of Civil Procedure (*id*. at 6-7), failed to link any defendant to a constitutional violation (*id*. at 7), named entities entitled to immunity (*id*. at 8-9) and asserted improper claims (*id*. at 10-11). Plaintiff was also provided with legal standards applicable to his potential claims. (*Id*. at 12-13.) Because Plaintiff's operative first amended complaint failed to state a claim upon which relief could be granted, he was given leave to file a second amended complaint within 21 days, curing the deficiencies identified in the screening order. (*Id*. at 14-15.)

On February 12, 2026, when more than 21 days passed without Plaintiff filing a second amended complaint, the Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed for Failure to Obey Court Order and Failure to Prosecute. (Doc. 14.) Plaintiff was directed to respond in writing within 21 days, or, alternatively, to file a second amended complaint, curing the deficiencies identified in the screening order. (*Id*. at 3.)

On February 27, 2026, Plaintiff filed correspondence dated February 23, 2026, docketed as a response to the OSC and a notice of change of address. (Doc. 15.)

**II.    DISCUSSION**

***Plaintiff's Response to the OSC***

In his response, Plaintiff states he was transferred to the California Health Care Facility in Stockton and has "not been able to get a hold of" his legal mail. (Doc. 15 at 1.) He also states he has "written to Senator Scott Winere for Representation." (*Id*.) Further, Plaintiff states he "was unable to meet [the] 21 day screen out due to incarceration in Mental Health CTC," and requests that the "last correspondence" be forwarded to his new address. (*Id*.)

Next, Plaintiff states he "included a IRS identity theft affidavit for Fresno" because his

identify was stolen, noting he "need[s] Senator Scott Winere and his help" and that he has filed a grievance "for false lighting against multiple different C/O's & want them prosecuted under Penal Code 899 & compensation & properly under the 6th USC for calling [him] a child molester." (Doc. 15 at 1.) Plaintiff asks the Court to "pull what you need from December 3rd 2025 AVSS & AVSR and the same from CTC and CHCF Stockton-CSP by 602 grievance this is retaliation upon their part." (*Id.*) In a postscript, Plaintiff asks the Court to send him "the stipulations of Penal Code 899." (*Id.*) Attached to Plaintiff's response to the OSC is a Department of Treasury – Internal Revenue Service form 14039 titled "Identity Theft Affidavit," signed by Plaintiff on January 9, 2026. (*Id.* at 2-3.)

### *The Court Will Extend the Deadline for Filing a Second Amended Complaint*

The Court will grant Plaintiff an extension of time of 30 days from the date of this order within which to respond to the Court's First Screening Order. The Court will also direct the Clerk of the Court to serve Plaintiff with a copy of its First Screening Order issued January 14, 2026, to ensure Plaintiff has the information necessary to submit a second amended complaint that cures the deficiencies identified in the screening order.

Plaintiff is advised that the Court does not conduct discovery. *See, e.g.*, *Womack v. Virga*, No. 2:11-cv-1030 MCE EFB P, 2012 WL 4465372, at *3 (E.D. Cal. Sept. 25, 2012) ("The role of the court is not to conduct discovery or research for the parties"). Therefore, Plaintiff's requests concerning "AVSS & ASVR" from any facility are improper. (*See also* Doc. 3 at 4-5 [First Informational Order in Prisoner/Civil Detainee Civil Rights Action, V. Discovery].)

Plaintiff is further advised the Court lacks the power to direct the filing of criminal charges. *See, e.g.*, *Mikhail v. Kahn*, 991 F.Supp.2d 596 (E.D. Penn. 2014) (explaining why state prisoner in section 1983 action cannot compel prosecution of defendants by Pennsylvania's Attorney General); *Bettencourt v. Parker*, No. 1:16-cv-00150-DAD-BAM (PC), 2016 WL 4137242, at *2 (E.D. Cal. Aug. 4, 2016) ("to the extent Plaintiff seeks injunctive 'relief' in the form of a criminal investigation or prosecution, it cannot be obtained through this action. The Court cannot compel any local prosecutor to investigate or instigate a criminal prosecution of this matter"); *Upton v. Birotte*, No. 11-CV-1224 JLS (CAB), 2012 WL 10709, at *3 (S.D. Cal. Jan. 3,

3

2012) (dismissing action for failure to state a claim and noting the district court cannot compel the United States Attorney "to prosecute these judges for the crimes stated in Plaintiff's complaint"); *Badwi v. Hedgpeth*, No. C 08-02221 SBA (PR), 2011 WL 89726, at *1 (N.D. Cal. Jan. 11, 2011) ("the Court cannot compel the State Attorney General's Office to instigate criminal prosecution").

Next, Plaintiff cites to "Penal Code 899" which the Court presumes is a reference to California Penal Code section 899. That section concerns grand jury proceedings and the "Proportionate selection of names; separate list" in particular. Again, to extent Plaintiff seeks to have "multiple different C/Os … prosecuted," this Court does not compel prosecutions. *Mikhail v. Kahn*, 991 F.Supp.2d 596; *Badwi*, 2011 WL 89726, at *1. More importantly, violations of the California Penal Code do not support a claim under section 1983 of Title 42 of the United States Code as Section 1983 only provides a cause of action for the deprivation of federally protected rights. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *see also Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (district court properly dismissed claims brought under several sections of the California Penal Code because those code sections did not create enforceable individual rights).

Finally, the Court advises Plaintiff that letters to the Court, such as that dated February 23, 2026, and addressed "Dear Mr. Holland," are not appropriate. As Plaintiff was previously advised, parties to an action must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. (*See* Doc. 3 at 1 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].) "Letters to the Court or a judge may be stricken/returned. Fed. R. Civ. P. 7." (*Id*. at 2.) And, "[t]he first page of every document filed with the Court by the pro se plaintiff must include, in the upper left hand corner, the pro se plaintiff's name, address, and prisoner/detainee identification number," as well as "a caption showing the name(s) of the plaintiff and defendant(s), the name of the document being filed, the case number assigned to the action followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned, and the letters 'PC.' Local Rule 133." (*Id.*) Plaintiff is encouraged to review the First

Informational Order issued May 22, 2025, as it provides important information regarding litigating this action.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.  The OSC issued February 12, 2026 (Doc. 14) is **DISCHARGED**;

2.  The Clerk of the Court is **DIRECTED** to serve Plaintiff with a copy of the Court's First Screening Order (Doc. 13) to his new address of record; and

3.  Plaintiff **SHALL** file a second amended complaint, curing the deficiencies identified in the screening order, or a notice of voluntary dismissal, **within 30 days** of the date of service of this order. No further extensions of time will be granted absent a showing of good cause.

**Plaintiff is advised that a failure to comply with this Order will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **March 9, 2026**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE