UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD HARRY CONSTABLE,

Plaintiff,

v.

KATHLEEN ALLISON, et al.,

Defendants.

Case No.: 1:25-cv-00591-SKO

**ORDER REGARDING PLAINTIFF'S FILING OF MARCH 10, 2026**

Plaintiff Edward Harry Constable is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      RELEVANT BACKGROUND**

Plaintiff initiated this action by filing a complaint on May 20, 2025. (Doc. 1.)  On June 13, 2025, Plaintiff filed a first amended complaint. (Doc. 8.)  On August 1, 2025, a document submitted by Plaintiff was lodged with the Court as a second amended complaint. (Doc. 9.)

On August 4, 2025, Plaintiff filed correspondence docketed as a motion to appoint counsel and notice. (Doc. 10.) The Court issued its Order Denying Plaintiff's Motion to Appoint Counsel on August 8, 2025. (Doc. 11.) The Court also advised Plaintiff that the document lodged August 1, 2025, was "not an amended complaint 'complete in itself,'" that an amended complaint must be "'complete in itself without reference to the prior' complaint," that Plaintiff should use the civil rights complaint form, and that any submitted complaint was subject to screening. (*Id*. at 5.)

On January 14, 2026, the Court issued its First Screening Order based on the operative first amended complaint. (Doc. 13.) The Court found the operative complaint violated Rule 8 of the Federal Rules of Civil Procedure (*id*. at 6-7), failed to link any defendant to a constitutional violation (*id*. at 7), named entities entitled to immunity (*id*. at 8-9) and asserted improper claims (*id*. at 10-11). Plaintiff was also provided with legal standards applicable to his potential claims. (*Id*. at 12-13.) Because Plaintiff's operative first amended complaint failed to state a claim upon which relief could be granted, he was given leave to file a second amended complaint within 21 days, curing the deficiencies identified in the screening order. (*Id*. at 14-15.)

On February 12, 2026, when more than 21 days passed without Plaintiff having filed a second amended complaint, the Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed for Failure to Obey Court Order and Failure to Prosecute. (Doc. 14.) Plaintiff was directed to respond in writing within 21 days, or, alternatively, to file a second amended complaint, curing the deficiencies identified in the screening order. (*Id*. at 3.)

On February 27, 2026, Plaintiff filed correspondence dated February 23, 2026, docketed as a response to the OSC and a notice of change of address. (Doc. 15.)

On March 10, 2026, the Court issued its Order Discharging Order to Show Cause, Order Directing Clerk of the Court to Serve Plaintiff With a Copy of the First Screening Order, and Order Granting Extension of Time Within Which to File a Second Amended Complaint. (Doc. 16.)  Plaintiff was granted 30 days within which "to file a second amended complaint, curing the deficiencies identified in the screening order, or a notice of voluntary dismissal." (*Id*. at 5.) Plaintiff also filed a four-page document, dated and signed February 27, 2026, docketed as a response to the OSC. (Doc. 17.)

**II.     DISCUSSION**

The Court's March 10, 2026, discharged the OSC. Therefore, Plaintiff's second response to the OSC is moot. Additionally, the Court notes the following.

First, Plaintiff states he does "not have a 2nd Amended Complaint form." The screening order issued on January 14, 2026, included a blank Amended Civil Rights Complaint form. (*See* Doc. 13-1 at 1-5.)  On March 10, 2026, that order was re-served on Plaintiff. Therefore, the Court

2

presumes Plaintiff has received an Amended Civil Rights Complaint form to use for purposes of filing a second amended complaint.

Second, to the extent Plaintiff seeks a 30-day extension of time, an extension was granted March 10, 2026. (*See* Doc. 16.) Plaintiff's second amended complaint is due no later than April 9, 2026, and no additional extension beyond that date is warranted.

Third, Plaintiff's filing refers to an "evidentiary hearing." Plaintiff is advised there will be no evidentiary hearing regarding the OSC or the screening order, nor is one appropriate at this juncture.

Fourth, to the extent Plaintiff's filing addresses the merits of his claims, the Court will not address that content. Plaintiff has repeatedly been advised that "an amended complaint supersedes the original complaint" and that "an amended complaint must be 'complete in itself without reference to the prior or superseded pleading.'" (*See* Doc. 11 at 5 & Doc. 13 at 15.) Plaintiff must present the allegations regarding his claims in the second amended complaint. The Court will address only the allegations raised in the second amended complaint, not those asserted in separate filings.

Finally, the Court briefly addresses two additional issues: discovery and the appointment of counsel. Regarding discovery and Plaintiff's repeated request for and reference to "AVSS & AVSR Recordings," as Plaintiff was recently advised, the Court does not conduct discovery. (*See* Doc. 16 at 3.) To the extent Plaintiff references an attorney who "can help with a Representation of [his] case," Plaintiff is again advised that plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The Court previously denied a motion to appoint counsel in this action (*see* Doc. 11), and finds no additional basis for such an appointment.

III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1.  Plaintiff's filing of March 10, 2026 (Doc. 17) is **MOOT**; and

2.  Plaintiff **SHALL** file a second amended complaint, curing the deficiencies identified

3

in the screening order, **no later than April 9, 2026**. No further extensions of time will be granted absent a showing of good cause.

**Plaintiff is advised that a failure to comply with this Order or the Court's previous orders will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:    **March 11, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

4