UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HARRY CONSTABLE, | Case No.: 1:25-cv-00591-EGC (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO STATE A CLAIM, FAILURE TO COMPLY, AND FAILURE TO PROSECUTE** |
| v. | |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |
| | 14-Day Objection Period |
| | Clerk of the Court to Assign District Judge |

Plaintiff Edward Harry Constable is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.     RELEVANT BACKGROUND

Plaintiff initiated this action by filing a complaint on May 20, 2025. (Doc. 1.)

On June 13, 2025, Plaintiff filed a first amended complaint. (Doc. 8.)

On August 1, 2025, a document submitted by Plaintiff was lodged with the Court as a second amended complaint. (Doc. 9.)

On August 4, 2025, Plaintiff filed correspondence docketed as a motion to appoint counsel and notice. (Doc. 10.) The Court issued its Order Denying Plaintiff's Motion to Appoint Counsel on August 8, 2025. (Doc. 11.) In addition to denying the appointment of counsel, the Court advised Plaintiff that the document lodged August 1, 2025, was "not an amended complaint

'complete in itself,'" that an amended complaint must be "'complete in itself without reference to the prior' complaint," that Plaintiff should use the civil rights complaint form, and that any submitted complaint was subject to screening. (*Id*. at 5.)

On January 14, 2026, the Court issued its First Screening Order based on the operative first amended complaint. (Doc. 13.) Specifically, the Court found the operative complaint violated Rule 8 of the Federal Rules of Civil Procedure (*id*. at 6-7), failed to link any defendant to a constitutional violation (*id*. at 7), named entities entitled to immunity (*id*. at 8-9) and asserted improper claims (*id*. at 10-11). Plaintiff was also provided with legal standards applicable to his potential claims. (*Id*. at 12-13.) Because Plaintiff's operative first amended complaint failed to state a claim upon which relief could be granted, he was given leave to file a second amended complaint within 21 days, curing the deficiencies identified in the screening order. (*Id*. at 14-15.)

On February 12, 2026, when more than 21 days passed without Plaintiff having filed a second amended complaint, the Court issued its Order to Show Cause (OSC) Why Action Should Not Be Dismissed for Failure to Obey Court Order and Failure to Prosecute. (Doc. 14.) Plaintiff was directed to respond in writing within 21 days, or, alternatively, to file a second amended complaint, curing the deficiencies identified in the screening order. (*Id*. at 3.)

On February 27, 2026, Plaintiff filed correspondence dated February 23, 2026, docketed as a response to the OSC and a notice of change of address. (Doc. 15.)

On March 10, 2026, the Court issued its Order Discharging Order to Show Cause, Order Directing Clerk of the Court to Serve Plaintiff With a Copy of the First Screening Order, and Order Granting Extension of Time Within Which to File a Second Amended Complaint. (Doc. 16.) More particularly, Plaintiff was granted 30 days within which "to file a second amended complaint, curing the deficiencies identified in the screening order, or a notice of voluntary dismissal." (*Id*. at 5.) That same date, Plaintiff filed a four-page document, dated and signed February 27, 2026, also docketed as a response to the OSC. (Doc. 17.)

On March 12, 2026, the Court issued its Order Regarding Plaintiff's Filing of March 18, 2026. (Doc. 18.) Relevant here, the Court noted that Plaintiff had "repeatedly been advised that 'an amended complaint supersedes the original complaint' and that 'an amended complaint must

2

be "complete in itself without reference to the prior or superseded pleading.""" (*Id.* at 3.) The Court advised "Plaintiff must present the allegations regarding his claims in the second amended complaint" and that it would "address only the allegations raised in the second amended complaint." (*Id.*) Plaintiff was ordered to file a second amended complaint, curing the deficiencies previously identified in the Court's screening order, "**no later than April 9, 2026**." (*Id.* at 3-4, emphasis in original.)

Thereafter, on March 20, 2026, a previous order issued in March 2026 was returned by the United States Postal Service marked "Undeliverable," "Released," "Discharged 3/7/2026."

On March 23, 2026, Plaintiff filed a notice of change of address, indicating he was no longer incarcerated and providing a new address at the "Modesto Gospel Mission" at "1400 Yosemite [Blvd]" in Modesto, California. (Doc. 19.) The following day, the Clerk of the Court re-served the March 10 and March 12 Orders to Plaintiff at his new address.

The April 9, 2026, deadline to file a second amended complaint has passed, and more than 30 days have elapsed since Plaintiff was re-served on March 24, 2026, with the orders directing him to file a second amended complaint curing the deficiencies identified in the Court's previous screening order. Because Plaintiff has failed to file a second amended complaint, the undersigned will recommend this action be dismissed for Plaintiff's failure to state a claim, failure to comply with orders, and failure to prosecute.

## II.    SCREENING FINDINGS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

//

//

3

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the

4

defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C.  Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cnty., Ariz*., 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. Cnty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Accord, *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

5

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### D.    Plaintiff's Complaint and Its Claims

Plaintiff named the following individuals or entities as defendants: Kathleen Allison, the Governor of California, Javier Beccera, Stanislaus County Public Defender's Office, Correctional Officer Tappan, Jeff Mcombre (Macomber), United States District Court, UC Davis Medical, San Joaquin County Superior Court, and San Joaquin County District Attorney's Office. (Doc. 8 at 1, 5.)

Although Plaintiff used a Civil Rights Complaint by a Prisoner form, the form is missing at least three pages: page two concerning "B. DEFENDANTS" and "C. PREVIOUS LAWSUITS," page three concerning "D. CAUSE OF ACTION" and "CLAIM I" and any information concerning Plaintiff's "E. REQUEST FOR RELIEF." (*See* Doc. 8, generally.) More significantly, Plaintiff's complaint is not signed. (*Id*.) Both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions and papers be signed by the party personally if the party is unrepresented. *See* Fed. R. Civ. P. 11(a); Local Rule 131(b). Plaintiff's complaint can be stricken for this deficiency, but for the reasons discussed below, the operative complaint would be dismissed with leave to amend on other bases.

The Court noted the operative complaint includes several attachments, including a petition for writ of habeas corpus filed on February 27, 2025, in the Northern District of California in case number 5:25-cv-2066 PCP, titled *Constable v. Mccombre* (Doc. 8 at 12-19); two pages of handwritten narrative (*id*. at 20-21); what appeared to be a "Walkenhorst's" vendor form with handwritten references to state statutes and state and federal case law (*id*. at 22-23); a one-page

6

handwritten document referring to a criminal matter (*id*. at 24); a Case Disposition Notice issued by the Sacramento County District Attorney's Office dated March 13, 2024 (*id*. at 25); a petition for writ of habeas corpus filed in the Northern District on January 28, 2025, bearing case number 5:25-cv-00900-VKD (PR) and titled *Constable v. United States District Court* (*id*. at 26-33); a "Rights and Responsibility Statement CDCR 1858" form dated and signed by Plaintiff on December 19, 2024 (*id*. at 34); a one-page handwritten document referring to state and federal constitutional provisions, federal case law, and other statements (*id*. at 35); and a "Legal Status Summary" bearing Plaintiff's name and CDCR number dated December 12, 2024 (*id*. at 36-37).

In his single claim, appearing under the heading "Claim II," Plaintiff indicated the constitutional or federal civil rights violated were: "Constitutional violation Federal & State Breach of Contract Stolen Computers Excessive Force Over Detention Illegal Sentencing Violation of Miranda Rights Illegal Plea Bargain." (Doc. 8 at 3.) Asked to identify the issues involved, Plaintiff checked the "Excessive force by an officer" box. (*Id*.)

In the "Supporting Facts" section, Plaintiff wrote:

> See Attached CM-010. See Attached HC 001 Titaled Edward Henry Constable v. United States District Court Filed Jan 28, 2025 No. 25-cv-00900-VKD (PR) Copy See Attached HC-001 Edward H. Constable AKA Brittany HC v. Jeff Mccombre Copy Filed 02/27/25 Case No 5:25-cv-02066-PCP See This Case 1:25-cv-0591-SKO (PC) & Corresponding Mail. In Sacramento State Prison I got hit by an inmate then staff throw 3 smoke granades sprayed 2MK9 sprayers through 2 Instantous Blast Grenades 1BG(S) & struck me in the head with a colapseable baton causing seziures & unconciousousness AFTER A EPRD EARLIST Possible Release Date of 11-1-2023 while in PC never Mirandized on 1-3-2023 or on sentincey day of 8-12-2024 or at Preliminary Hearing. Refere to Court Case STKCR202310986 violation of Miranda & Violation of Prop. 57 proven violation of over detention. See Case 1:25-cv-0591-SKO (PC). Check written corespondens of 1 Edward Henry Constable Dated Legal Mail 6-8-2025 Excessive Force proven by Prison yard cameras OIA Investigation took place 1-3-2023 I also had a seizure caught on video suvielence in unit camera resulting in charges being Filed. See Document 1 Page 16 of 22 *@3054. Legal Status Sumary Page 15 of 22 Illegal unconstution Stanislaus By plea Bargain 2xx same case Prior People v. Vargas 2014-2024.

(Doc. 8 at 3.) Concerning injuries, Plaintiff wrote: "I Later was Reincarcerated had a Seizure Had to have 3 Staples Put into The Back of My Skull By Being taken to Delano Adaivest Emergency Hospital." (*Id*.)

7

The previously assigned magistrate judge concluded Plaintiff's complaint violated Rule 8 of the Federal Rules of Civil Procedure and failed to link any individual named Defendant to any violation:

> As noted above, a complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's first amended complaint does not contain short or plain statements of his claims. Plaintiff's factual allegations contain only sparse facts referring to the use of excessive force (referencing smoke or blast grenades and a collapsible baton) without attributing those actions to any individual. The few facts asserted are conclusory and fail to set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.
>
> The first amended complaint does reference attachments and other actions commenced by Plaintiff but exhibits or attachments cannot act as a substitute for the claims asserted. *See Davis v. Carlton*, No. 2:11-cv-01100-TLN-KJN P, 2013 WL 6512903, *8 (E.D. Cal. Dec. 12, 2013) ("The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim").
>
> ……………………………………………………………………….
>
> Next, Plaintiff makes no effort to "[d]escribe exactly what each Defendant did or did not do that violated" his rights (*see* Doc. 8 at 3), as instructed. Despite naming multiple individuals (Kathleen Allison, Javier Beccera, Correctional Officer Tappan and Jeff Mcombre) he asserts no facts whatsoever describing what any of these individuals did or did not do. To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)).

(*See* Doc. 13 at 6-7.) She also provided Plaintiff with information concerning the entities named in the operative complaint (*id*. at 7-9), identified improper claims (*id*. at 10-11), and summarized her screening findings as follows:

> In summary, Plaintiff's first amended complaint violates Rule 8 of the Federal Rules of Civil Procedure, is unsigned in violation of Rule 11, fails to adequately link any individual to a particular

> constitutional violation, appears to assert claims against judicial officers and prosecutors who are absolutely immune from suit, and appears to assert claims challenging the legality of his custody and an earlier or immediate release where such claim must be brought only in a writ of habeas corpus.
>
> The undersigned's review of the first amended complaint, as currently pled, reveals a single potential constitutional claim available to Plaintiff: Eighth Amendment excessive force against Correctional Officer Tappan. Plaintiff will be granted leave to file a second amended complaint to assert such a claim, assuming he can do so in good faith. The applicable legal standards for an Eighth Amendment excessive force claim are provided below. Out of an abundance of caution, the Court will also provide the relevant standards for asserting a Fourteenth Amendment due process claim. Plaintiff should carefully review those standards and should assert sufficient facts against any named defendant, clearly and succinctly stating what happened, when it happened, and how each defendant was involved. Plaintiff may not refer to attachments or exhibits to *state* his claim (exhibits or attachments may give context to a claim but are not a substitute for factual allegations).

(*Id*. at 11 [fn. omitted].) Moreover, Plaintiff was provided with the relevant legal standards applicable to an Eighth Amendment excessive force claim and a Fourteenth Amendment due process violation, as well as further notes of caution regarding amendment and complying with Court orders. (*Id*. at 12-14.) Ultimately, because the operative complaint failed to state a claim upon which relief could be granted, Plaintiff was ordered to file a second amended complaint or a notice of voluntary dismissal within 21 days. (*Id*. at 14-15. )

### III.    DISCUSSION

#### A.  Legal Standards Concerning Dismissal

Rule 41(b) of the Federal Rules of Civil Procedure permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Here, despite multiple opportunities, Plaintiff has failed to file a second amended complaint, or notice of voluntary dismissal, as originally directed in the First Screening Order. The screening order specifically identified the deficiencies in Plaintiff's operative complaint, provided the relevant legal standards applicable to his potentially cognizable claims, and other relevant information. (*See* Doc. 13 at 4-14.) The Court cannot effectively manage its docket if Plaintiff ignores Court orders and ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's screening order provided Plaintiff with 21 days within which to file a second amended complaint (Doc. 13 at 14-15) and the Court subsequently extended the deadline within which to do so (Doc. 16 at 5). Nevertheless, Plaintiff has failed to comply with the Court's orders and the time to do so has now passed. Plaintiff's inaction amounts to an

unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file a second amended complaint curing the deficiencies identified in the screening order, Plaintiff is not moving this case forward and is impeding its progress. As it stands, Plaintiff has failed to state any cognizable claim. Thus, the fourth factor— the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued May 20, 2025, Plaintiff was advised, in relevant part: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) That same order advised Plaintiff that "all Court deadlines are strictly enforced." (*Id*. at 5.) Further, in the First Screening Order, Plaintiff was advised as follows: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**" (Doc. 13 at 15, emphasis in original.) In the OSC, Plaintiff was advised: "**WARNING: Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute**." (Doc. 14 at 3,

emphasis in original.) In a subsequent order, Plaintiff was again cautioned: "**Plaintiff is advised that a failure to comply with this Order will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute**." (Doc. 16 at 5, emphasis in original.) And finally, on March 12, 2026, Plaintiff was warned as follows: "**Plaintiff is advised that a failure to comply with this Order or the Court's previous orders will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute**." (Doc. 18 at 4, emphasis in original.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Additionally, because Plaintiff has not filed a second amended complaint, he has failed to state a claim upon which relief can be granted. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

## IV.     CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons given above, the Court **HEREBY RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to state a claim, failure to obey court orders, and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to

12

the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **May 5, 2026**                           _____
                                                        UNITED STATES MAGISTRATE JUDGE